UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

**ROBINSON POSADA,**

    Plaintiff,

v.

**MARKETSTAR, CORP.,**
a Deleware corporation.

    Defendant.

_____/

## COMPLAINT

Plaintiff, **ROBINSON POSADA ("POSADA")**, by and through his undersigned attorney, hereby files this Complaint against the **MARKETSTAR CORPORATION,** a Delaware corporation **("MARKETSTAR")** and states:

## JURISDICTION AND VENUE

1. This suit is brought against the Defendant pursuant to 29 USC § 201 et seq. ("Fair Labor Standards Act" or "FLSA"), and other statutory and common law violations.

2. Jurisdiction is conferred upon this Court by 29 USC § 216(b), 28 USC Section 1331 and 28 USC § 1343.

3. Venue is proper for the United States Court for the Southern District of Florida because Plaintiff was employed in the Southern District of Florida by Defendant, **"MARKETSTAR"**, which at all material times conducted, and continues to

conduct, business in the Southern District of Florida, and/or, pursuant to 28 USC §§ 1391(b) and (c), because the acts that give rise to Plaintiff's claims occurred within the Southern District of Florida and because Defendant is subject to personal jurisdiction there.

4. All conditions precedent to the maintenance of this action have been performed or waived.

## PARTIES

5. **POSADA** resides within the Southern District of Florida.

6. Defendant **MARKETSTAR** is a foreign corporation registered in Florida, with its principal place of business in Ogden, Utah.  At all times material, Defendant conducted substantial and continuous business in the Southern District of Florida, and is subject to the laws of the United States and the State of Florida. The company has gross revenue which exceeds $500,000 for each of the past (3) years and/or utilizes goods in the flow of commerce across state lines.

7. Defendant **MARKETSTAR** is an "employer" pursuant to 29 USC § 203(d) of the Fair Labor Standards Act.

8. Defendant **MARKETSTAR** is an "enterprise" pursuant to 29 USC § 203(s) of the Fair Labor Standards Act.

9. Defendant **MARKETSTAR** is an enterprise "engaged in commerce" pursuant to 29 USC § 203(s) of the Fair Labor Standards Act.

10. **POSADA** is an "employee" pursuant to 29 USC § 203(e)(1) of the FLSA, and is entitled to invoke individual coverage under the Act because he worked doing inside sales for **MARKETSTAR**,

11. **POSADA** is a non-exempt employee of Defendant **MARKETSTAR**, who is subject to the payroll practices and procedures described in Paragraphs 17 through 26 below, and who worked in excess of forty (40) hours during one or more workweeks within (3) years of the filing of this complaint.

12. At all times pertinent to this Complaint, Defendant failed to comply with 29 USC §§ 201-219 in that **POSADA** performed services for Defendant for which no provision was made to properly pay for those hours in which overtime was required to be paid.

## STATEMENT OF FACTS

13. **POSADA** began employment with **MARKETSTAR** in 2007.

14. **POSADA** was terminated from **MARKETSTAR** on or about April 29, 2011.

15. Within the past three (3) years, **POSADA** worked doing inside sales for **MARKETSTAR**.

16. Plaintiff performed services for Defendant for which he did not receive proper overtime pay.

17. The Defendant and its representatives knew that **POSADA** was working overtime, and that federal law requires employees to be compensated at time and one-half per hour for overtime pay.

18. The Defendant maintained complete control over the hours Plaintiff worked and the pay he was to receive.

19. In the course of employment with Defendant, Plaintiff worked the number of hours required of him, but was not paid time and one-half for all hours worked in excess of forty (40) hours during a workweek.

20. **POSADA** worked in excess of forty (40) hours per workweek more than once during their employment with Defendant. In fact, Plaintiff averaged approximately 50 - 60 hours per week during the previous three (3) years.

21. The records, if any, concerning the number of hours actually worked by Plaintiff, and the compensation actually paid to him, are in the possession and custody and control of Defendant, and Plaintiff is unable to state at this time the exact amount owed to him or to each similarly situated employee. Plaintiff proposes to obtain such information by appropriate discovery proceedings to be taken in this case and to prove the amounts due at trial.

22. **POSADA** has retained the undersigned firm to prosecute this action on his behalf, and has agreed to pay it a reasonable fee for its services.

23. **POSADA** is entitled to his reasonable attorneys' fees if he is the prevailing party in this action.

## COUNT ONE – VIOLATION OF FLSA / OVERTIME

24. Plaintiff re-alleges and re-avers paragraphs 1-23 as fully set forth herein.

25. Plaintiff is entitled to be paid time and one-half for each hour worked in excess of forty (40) hours in each workweek.

26. By reason of the intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages, e.g., back pay for overtime wages, liquidated damages, compensatory damages, plus incurring costs and reasonable attorney's fees.

27. As a result of Defendant's willful violations of the FLSA, and the failure to pay overtime which was not in good faith, as discussed above, Plaintiff is entitled to liquidated damages as provided in Section 216 of the FLSA, and is entitled to recover damages for three (3) years.

WHEREFORE, for workweeks within three (3) years of the filing of this Complaint, **POSADA** demands judgment for:

    a. Overtime payment, Wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff (and all similarly situated employees) by reason of Defendant(s)' violation of the FLSA.

    b. Interest on the amount found due;

    c. Liquidated and compensatory damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    d. A jury trial on all issues so triable;

    e. Plaintiff's (and all similarly situated employees) cost of suit herein together with reasonable attorney's fees incurred in this action; and

    f. Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues and all counts of this Complaint so triable as a matter of right.

Dated: April 24, 2012

                                                s/Charles Eiss
                                   CHARLES M. EISS, Esquire
                                   Fla. Bar #612073
                                   LINDSAY MARIE TIMARI, Esquire
                                   Fla. Bar #92098
                                   Law Offices of Charles Eiss, P.L.
                                   Attorneys for Plaintiff
                                   8211 W. Broward Blvd., Suite 360
                                   Plantation, FL 33324
                                   (954) 812-9513 (Telephone)
                                   (954) 473-4907 (Facsimile)
                                   Icelaw21@aol.com